No. 13,436.

DUNCAN *v.* STICKNEY REAL ESTATE AND INVESTMENT
COMPANY.
(46 P. [2d] 750)

Decided May 27, 1935.   Rehearing denied June 24, 1935.

Mr. GUY D. DUNCAN, pro se, Mr. W. PENN COLLINS, Mr.
J. H. RICHARD, for plaintiff in error.

Mr. HERBERT M. BAKER, for defendant in error.

MR. JUSTICE CAMPBELL, sitting for MR. CHIEF JUSTICE
BUTLER, delivered the opinion of the court.

THE plaintiff Duncan, a practicing attorney, seeks to recover of the defendant corporation a balance of $5,000 and interest for legal advice and services which he says were rendered it by him continuously, on and before June 1, 1926, for a period of several years, and that the judgment therefor be declared to be a lien upon and against certain described premises and property standing in the name of the defendant company. Defendant demurred to the complaint on the ground of insufficient facts, pleaded the pertinent statute of limitations, defect of parties defendant, ambiguity, uncertainty and unintelligibility, and upon various other grounds. The court sustained the demurrer upon several grounds. The trial court also thereafter sustained a general demurrer to the complaint, as amended, for insufficient facts to constitute an action for foreclosure of attorney's lien against the defendant, and entered a judgment of dismissal of the action. The plaintiff is here to have reviewed the final judgment of the trial court.

It is difficult to reproduce this novel complaint without extending the opinion to an unnecessary length. That the decision of the trial court sustaining the general demurrer to the amended complaint and in dismissing the action, may not, upon any theory advocated by the plaintiff, be set aside, we are entirely clear. At the risk of repetition we say that the relief sought by the amended complaint was merely for the foreclosure of a lien against the defendant for professional services as an attorney which he rendered to the defendant in various business transactions and in connection with certain law suits that were being waged in the district court of Weld county.

██ ██ The opening brief of plaintiff contains a long and labored discussion for the purpose of establishing the proposition that an attorney has a lien on the fruits of a judgment which he has procured for his client. There is no dispute as to this proposition and the defendant concedes that there is such a liability resting upon one for whom an attorney has performed legal services. Appar-

ently plaintiff is also seeking to recover a judgment for professional services to the defendant other than such as were rendered in obtaining the judgment in question. In *Collins v. Thuringer,* 92 Colo. 433, 21 P. (2d) 709, it was held in a well reasoned opinion that an attorney may assert such a lien, but he may not assert the lien for payment of a general balance of attorney fees for services rendered in other matters, which is the case now before us. The complaint in the instant case, however, even though it be not vulnerable to criticism contained in the Collins case, is in certain other respects uncertain and indefinite in that it is difficult to determine whether it purports to state a cause of action for the foreclosure of an attorney's lien, or whether the action is merely one in assumpsit, or both. However that may be, it was tried upon the theory, and thus submitted to the court, that the complaint as amended was intended to state a cause of action for foreclosure of an attorney's lien only, and did not attempt to state a cause of action for a personal judgment.

Notwithstanding the fact that the plaintiff at the trial below proceeded upon the supposition that his action was merely one for the foreclosure of a lien, he now says upon this review that the action is also good as an action upon which to base a personal judgment. The real controversy in this case, as submitted to this court in the briefs of respective counsel, is whether or not the trial court was right in holding that the question for decision was whether or not the amended complaint entitles the plaintiff to a personal judgment also, if the facts are sufficient to establish the plaintiff's right thereto. This case, however, both parties consenting, was tried and submitted to, and decided by, the trial court, sitting as a trier of facts, upon the theory that the complaint and amendment thereto had in view the statement of a cause of action against defendant for foreclosure of a lien for attorney's fees only, and did not purport or attempt to

state a cause of action or seek a personal judgment in plaintiff's favor except as merely groundwork for a lien.

Notwithstanding this record, plaintiff upon this review contends that, even though the complaint does not state facts sufficient to constitute a cause of action to foreclose a lien, it does state facts sufficient on which to base a personal judgment against the defendant, and, therefore, defendant's general demurrer to plaintiff's amended complaint was wrongly sustained. Upon its face this contention of the plaintiff is plausible. The record, however, discloses that at the trial below the trial court repeatedly endeavored to have the plaintiff say upon what theory he proposed to rely in establishing his case; whether he intended to proceed on the theory or assumption that the complaint stated merely a cause of action for a foreclosure of a lien, or for the recovery of a money judgment also. Upon this point the trial court said, addressing plaintiff's attorney: ''You are depending on judgment against this defendant, whether or not you can sustain the attorney's lien?'' to which Mr. Duncan, the plaintiff, said: ''I don't care to urge that, your Honor.'' The record shows that on further inquiry by the trial court of the plaintiff—who acted as his own attorney below, as he is acting here—the latter assured the court that the complaint was by him intended only to state a cause of action for foreclosure of a lien and not for a money judgment against the defendant, if he failed to establish the lien. And it was only after the trial court denied plaintiff's right to a lien that he asked for a money judgment. Indeed, this record clearly discloses that the trial court repeatedly sought an answer from the plaintiff as to what his theory of the complaint was. After repeated attempts of the trial court to elicit from plaintiff a positive commitment by him as to his theory of the amended complaint, the plaintiff further answered the trial court that he intended his action to be, and it was, solely to foreclose a lien, not to obtain a money judgment. Having thus voluntarily limited his right to recover

solely to the obtaining of a lien, he should not be permitted upon this review to change front and insist that the trial court committed prejudicial error in refusing to award him a personal judgment after it had reached the conclusion, and so announced to the parties, that the plaintiff had signally failed in establishing his right to a lien for the money which he claimed to be due him from the defendant. At the risk of repetition we say that the plaintiff assured the court, if he failed in establishing his right to a lien, he did not ask or seek a money judgment. He thus, in legal effect, waived his right to an independent money judgment if he failed in establishing his attorney's lien. On this review he should be held to have waived the same. It follows that the judgment of the trial court so holding should be, and it is, affirmed.

MR. JUSTICE BURKE and MR. JUSTICE HOLLAND concur.