DONALDSON, HOFFMAN & GOLD-
STEIN, Appellant,

v.

John J. GAUDIO, Trustee, Appellee.

Matter of FORREST A. HEATH COM-
PANY, Inc., Bankrupt.

No. 5857.

United States Court of Appeals
Tenth Circuit.

Oct. 11, 1958.

---

James J. Delaney, Denver, Colo., for
appellant.

Herbert W. Delaney, Jr., Denver, Colo.,
for appellee.

Before BRATTON, Chief Judge, and
HUXMAN and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This case arises in bankruptcy
and explores the scope of the Colorado
statutes[1] relating to attorney's liens.
The pertinent statutory provisions, Colo-
rado Revised Statutes 1953, state:

12-1-10:

"Attorney's lien—notice of claim
filed.—All attorneys and counselors
at law, shall have a lien on any
money, property, choses in action,
or claims and demands in their

---

1. Under Colorado law, the common law at-
torney's lien is not preserved and no
lien exists apart from statute. Fillmore
v. Wells, 10 Colo. 228, 15 P. 343.

hands, and on any judgment they may have obtained, or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit, for any fees or balance of fees, due or to become due from any client. And in the case of demands in suit, and in the case of judgments obtained in whole or in part by any attorney, such attorney may file with the clerk of the court wherein such cause is pending, notice of his claim as lienor, setting forth specifically the agreement of compensation between such attorney and his client, or clients, which notice, duly entered of record, shall be notice to all persons and to all parties, including the judgment creditor, and all persons in the case against whom a demand exists, and to all persons claiming by, through or under any person having a demand in suit or having obtained a judgment, that the attorney whose appearance is thus entered has a first lien on such demand in suit, or on such judgment for the amount of his fees; but such notice of lien shall not be presented in any manner to the jury in the case in which the same is filed. Such lien may be enforced by the proper civil action."

12–1–11:

"Other property to which lien attaches.—An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment and upon money due to his client in the hands of the adverse party in an action or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party."

Appellants are attorneys-at-law who, in 1954, rendered legal services for Forrest A. Heath Company, Inc., now a bankrupt.

In January 1954, the bankrupt, a small manufacturing firm, owed $57,000 plus interest on an obligation secured by a deed of trust on its real estate and a chattel mortgage on its equipment, machinery and inventories. As a result of the transaction which gave rise to the debt, the lenders were receiving salaries aggregating nearly $20,000 per year from the bankrupt for which, according to the instant record, they rendered no services. Prompted by the stress of its precarious financial position and the fact that it was delinquent in the payments required by the terms of the obligation, the bankrupt engaged the appellants to perform legal services designed to alleviate the difficulties.

Appellants made an extensive review of the company's records and transactions and proceeded to negotiate with the lenders and their attorney for a release of the mortgage on the chattels and termination of the salaries to the lenders. These negotiations continued for about four months without any apparent success. Appellants thereupon prepared a complaint and summons which were shown to the attorney for the lenders and suit was threatened. No action was instituted however for a settlement was effected by which the $57,000 debt was removed, the salaries of the lenders were terminated, and the chattel mortgage released. In exchange, the lenders accepted a transfer of the company's real estate, valued at $35,000.

In addition to the services described above, appellants procured a lease on new quarters for the company and employed an accountant, who was paid by them and who reorganized the company's accounting procedures.

The appellants made a charge of $5,000 for the services which the company accepted as fair and reasonable. Some two years later, in July 1956, the company was adjudicated a bankrupt and certain of the chattels which had been released from mortgage through appellants' efforts passed into the possession of the Trustee in Bankruptcy. The Trustee has sold the chattels for $4,205. On the date of the company's adjudication as a bankrupt there remained unpaid upon appellants' legal fee the sum of

$3,766.11. The question thus presented is whether all or any part of appellants' unpaid fee was a lien upon the chattels sold by the Trustee. The referee held that that portion of the fee attributable to services rendered in obtaining the release of mortgage upon the chattels was entitled to preference. The District Court denied the application of any preference. This appeal followed.

■ Since the right to an attorney's lien is fixed by state law, Sharar v. Pollia, 10 Cir., 191 F.2d 116, our consideration is limited by the Colorado statutes, supra, and the state court decisions construing them. In Collins v. Thuringer, 92 Colo. 433, 21 P.2d 709, 710, the Colorado Supreme Court declared that secs. 12–1–10, 11, C.R.S.1953, established two distinct classes of liens, each with its own limitation:

" * * * a general, retaining, or possessory lien, and a special, particular, or charging lien. The former attaches to all papers, books, documents, securities, and money coming into an attorney's possession in the course of his professional employment. The attorney has a right to retain them in his possession until the general balance due him for legal services is paid, whether such services grew out of the special matters then in his hands, or other legal matters. The right to the special, particular, or charging lien, on the other hand, rests, not on possession, but on the equity of an attorney to be paid his fees and disbursements out of the judgment obtained as a result of his service and skill."

The court expressed regret that the statutory sections did not separate the two classes of liens as clearly as might be desired but held that the Legislature intended to preserve the distinction.

The statute can be broken down for the sake of convenience in considering the issue before us (with due regard to the distinction between the two classes of liens) into the following situations:

Section 12–1–10:

1. All attorneys shall have a lien on any money, property, choses in action, or claims and demands in their hands, for any fees, due or to become due from any client.

2. All attorneys shall have a lien on any judgment they may have obtained, or assisted in obtaining, in whole or in part for any fees or balance of fees, due or to become due from any client.

3. All attorneys shall have a lien on any and all claims and demands in suit for any fees or balance of fees, due or to become due from any client.

Section 12–1–11 covers these situations:

A. An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his hands in the course of his professional employment.

B. An attorney has a lien upon money due his client in the hands of an adverse party in an action or proceeding in which the attorney was employed, from the time of giving notice to that party.

■ Appellants acknowledge that they have never had possession of the property received by the bankrupt in the settlement but they urge that they are entitled to a possessory lien under situation 1 above because they had a "claim in hand." They insist that, since choses in action and claims and demands are not of a tangible nature so as to lend themselves to physical possession, the Legislature must have intended that when the client engaged the attorney to assert such rights they are in the "constructive possession" of the attorney and his lien attaches thereto. Even if we assume, without deciding, such to have been the legislative intent in the matter, we fail to see how appellants can benefit from such a construction. Appellants do not merely ask that we hold that they acquired a lien on the claim but rather they insist that such a lien continues after settlement of the claim and attaches to property received in the

settlement. As pointed out by the Colorado Supreme Court in Collins v. Thuringer, supra, the possessory lien gives only a right to retain possession of the items placed in the hands of the attorney until he is paid his fees. It does not create an equitable charge which follows the proceeds received in settlement of a claim. In the instant case, the "claim" of the bankrupt against the lenders was extinguished by the agreed settlement. Even if it were held that a possessory lien attaches to any claim turned over to an attorney when that claim is placed in his hands, we could not hold that such a lien continues after the claim is extinguished so as to be transferred as an equitable charge against property received in settlement. To do so would violate the distinction between the "possessory" and "charge" liens and go contrary to the caution expressed in the Collins case that the two must not be confused. After the settlement was concluded it could no longer be said that appellants had a claim in their hands. The settlement extinguished the claim and by necessity also any "possessory" lien which attached to the claim itself.

It is clear that the facts do not fit into situations 2 and B above because there was no judgment involved in the settlement of the claim, the property against which appellants assert the lien was not in the hands of a party adverse to their client, and because no action or proceeding was involved. Nor is situation A in present dispute.

This leaves situation 3 to be considered. Here appellants aver that they acquired an attorney's charging lien which constituted an equitable charge against the property received in the settlement and entitled them to a preferred position among the creditors when that property reached the hands of the Trustee. To sustain this position, they argue that the statutory terms "All attorneys * * * shall have a lien * * * on any and all claims and demands in suit" should not be read to mean "on claims in suit and demands in suit" but rather that it should be read to say in effect "on any and all claims, and on demands in suit." They point out that the later portions of the statute dealing with the filing of notice to protect the attorney's lien do not repeat the term "claims" but refer only to "demands in suit" and insist that this indicates a legislative intent to distinguish between the two terms. They further cite various definitions of the terms "claims" and "demands" to show distinguishing differences between their meanings.

Since there was never an action commenced concerning the claim of the bankrupt against its lenders the only question for us to determine is whether the statute intended to confer a right to a charging lien on all "claims" as soon as they were turned over to the attorney, or whether the statute confers such a lien only when it becomes a "claim in suit." Distinctions between "demands" and "claims" are of very little help in making such a determination.

■ If we adopted the interpretation espoused by appellants, that the Legislature granted attorneys a lien on any and all claims by this section, it would mean that the prior clause which grants a possessory lien on "claims and demands in their hands" would have been unnecessary and mere surplusage. We are obliged to construe the statute so as to give effect to all of its terms. Mermis v. Jackson, 10 Cir., 93 F.2d 579; Salt Lake County v. Utah Copper Co., 10 Cir., 93 F.2d 127; Chicago Great Western R. Co. v. Farmers' Shipping Ass'n, 10 Cir., 59 F.2d 657.

We have found no Colorado case, and none has been cited by appellants in which an attorney's charging lien was allowed to attach prior to the commencement of the suit. In fact, in Collins v. Thuringer, supra, the Colorado Supreme Court refused to allow a lien for services connected with matters which had not gone to suit even though a subsequent judgment was recovered for the same client. The court emphasized that a "charging lien" could not attach for services in matters not involved in the

suit. See also, Duncan v. Stickney Real Estate & Investment Co., 97 Colo. 9, 46 P.2d 750. This is consistent with the view that under the statute no lien attaches until the claim is in suit.

 Looking to the terms of the statute, we find that the Legislature has adopted grammatical construction dependent upon the use of commas to spell out the situation in which the lien shall attach; " * * * on * * * money, property, choses in action, or claims and demands in their hands, and on any judgment * * * and on any and all claims and demands in suit, * * * ". It is clear from the sentence structure that if there had been an intent to grant a charging lien on all claims turned over to the attorney even before suit is commenced it would necessitate the use of punctuation after the word "claims" or some other method to distinguish it from "demands in suit." The choice of punctuation lends emphasis to the view that the term "in suit" is intended to modify the word "claims" as well as "demands." This construction is supported by the prior clause which refers to "claims and demands in their hands." Appellants agree that "in their hands" refers to "claims" as well as "demands" in the earlier clause and it would be clearly inconsistent to refuse to give the same effect to the modifying words in the later clause. We conclude, therefore, that the statute does not create a "charging lien" until the claim is "in suit."

Although a summons and complaint were prepared and shown to the attorney by appellants, it cannot be said that the claim was in suit. A claim does not become "in suit" through threat of actions nor preparatory services rendered in contemplation of suit. Here there was no proceeding commenced in a court of justice. Rule 3, Colo. Rules of Civil Procedure.

Attorneys ought to be paid for their services. But so, too, should all creditors and preference can be accorded only by legislative direction. We cannot impose a lien where the statute creates none. The judgment of the District Court must be affirmed.

Affirmed.