[No. F008163. Fifth Dist. July 27, 1988.]

STEVEN ANDREW CAPPA, Plaintiff and Respondent, v.
F & K ROCK & SAND, INC., et al., Defendants;
COUNTY OF FRESNO, Intervener and Appellant.

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, J. Robert Jibson and William G. Prahl, Deputy Attorneys General, for Intervener and Appellant.

Paul S. Mosesian for Plaintiff and Respondent.

**OPINION**

**STONE (W. A.), J.**—On November 9, 1983, the County of Fresno (County) recovered judgment in the superior court in an unrelated action against Steven Andrew Cape (aka Cappa) for child support arrearages in the amount of $10,398. The County was acting on behalf of the State of Washington to recover monies disbursed by Washington for the support of Cappa's child.

Cappa entered into a contingency fee agreement on April 9, 1985, with Paul Mosesian, an attorney, whereby Mosesian agreed to represent Cappa in the instant action for personal injuries. Out of his gross recovery Cappa agreed to pay 33⅓ percent for attorney's fees and to reimburse Mosesian for costs advanced to prosecute the action. The agreement provided that Mosesian would be granted a lien on the gross recovery for fees and costs.[1]

---

[1] The agreement provided, in part, as follows: "2. From the gross recovery there shall first be deducted Attorney's contingency fee, and from the balance of said recovery there shall be next deducted the amount to reimburse Attorney for costs and necessary disbursements advanced by Attorney to conclude Client's claim.

". . . . . . . . . . . . . . . . . . .

"4. It is agreed that Attorney may retain the full amount owing to Attorney under this agreement out of the gross amount finally collected; . . ."

On July 25, 1986, the County filed a notice of lien pursuant to Code of Civil Procedure section 708.410[2] seeking to place a lien in the amount of $8,123 on any award of damages that Cappa might receive for his injuries. On August 1, 1986, the jury returned a verdict in favor of Cappa for $5,000, and a week later Mosesian filed a memorandum of costs and disbursements seeking to tax costs in the amount of $4,229.26. On November 12, 1986, the County refiled its notice of lien.

On November 19, 1986, defendants F & K Rock & Sand, Inc., and Rodney James Burns, filed a motion pursuant to Code of Civil Procedure section 708.470 for an order directing satisfaction of the lien filed by the County out of the damages awarded to Cappa. Mosesian opposed the motion on the basis that, pursuant to Civil Code section 2897, his lien for attorney's fees and costs had priority over the judgment creditor's lien for child support arrearages since his contractual lien was created prior to the judgment creditor's lien. The trial court concluded the lien for attorney's fees and costs had priority and ordered that Mosesian's lien was to be satisfied before the subsequent lien for child support arrearages. The County, as intervener, appeals that order.

■ The sole issue before us is whether the lien for child support arrearages based upon a judgment in favor of the County has priority over the previously created lien for attorney's fees and costs. We will conclude that it does not.

A judgment creditor who has a money judgment against a judgment debtor who is a party to a pending action may obtain a lien on the judgment debtor's cause of action to satisfy the judgment creditor's money judgment by filing a notice of lien in the pending action. (Code Civ. Proc., § 708.410.) ■ A lien for attorney's fees and costs in favor of an attorney upon the proceeds of a prospective judgment in favor of the client may be created by contract without the necessity of complying with Code of Civil Procedure section 708.410. (*Cetenko* v. *United California Bank* (1982) 30 Cal.3d 528,

---

[2] Code of Civil Procedure section 708.410 provides in relevant part:

"(a) A judgment creditor who has a money judgment against a judgment debtor who is a party to a pending action or special proceeding may obtain a lien under this article, to the extent required to satisfy the judgment creditor's money judgment, on both of the following:

"(1) Any cause of action of such judgment debtor for money or property that is the subject of the action or proceeding.

"(2) The rights of such judgment debtor to money or property under any judgment subsequently procured in the action or proceeding.

"(b) To obtain a lien under this article, the judgment creditor shall file a notice of lien and an abstract or certified copy of the judgment creditor's money judgment in the pending action or special proceeding."

531.)[3] It becomes effective upon the execution of the contract. (*Id.* at p. 534; *Haupt* v. *Charlie's Kosher Market* (1941) 17 Cal.2d 843, 845.) Accordingly, in the case before us, the attorney's lien became effective April 9, 1985.

In the event more than one lien is filed in the same cause of action, Civil Code section 2897 provides priority according to the time of creation, assuming other considerations are equal.[4] Thus, in *Cetenko* v. *United California Bank, supra,* 30 Cal.3d 528, it was held that a contractual lien for attorney's fees and costs entered into prior to initiating a legal action has priority over a judgment creditor's lien created pursuant to Code of Civil Procedure section 708.410. (*Id.* at pp. 534-536.)

The County contends that the general rule set forth in Civil Code section 2897 and *Cetenko* establishing priority by time of creation should not be applied in the present case because "all things are not equal." The County's argument is two-fold. First, overwhelming public policy considerations favor satisfaction of child support obligations over a contract for attorney's fees and costs. Second, since a lien for attorney's fees and costs is almost always created before an action is filed and a judgment creditor's lien can only be created by filing notice once the action is pending, an attorney's lien is always first in time. According to the County, such preferential treatment gives Mr. Cappa's attorney an unfair advantage over Mr. Cappa's child. The County asks this court to create an exception to the "first in time, first in right" rule set forth in Civil Code section 2897 for a judgment creditor's lien for child support arrearages.

The County's public policy argument is not persuasive when applied to the present set of facts, since it is not Mr. Cappa's child, but the State of Washington through the County which seeks to hold Mr. Cappa responsible for the payment of child support arrearages. Washington has already provided the child with support and now seeks reimbursement for those payments. The compelling policy in favor of making secure a child's ability to receive support is not supported by the facts under review in this case.

The County is correct in its assessment that an attorney's lien for fees and costs, because of the manner in which it is usually created, is given preferen-

[3] In *Cetenko,* the court was concerned with whether an attorney's contractual lien for legal fees had priority over a judgment creditor's lien perfected in accordance with Code of Civil Procedure section 688.1. Section 688.1 was superseded in 1983 by Code of Civil Procedure section 708.410. Although the language in section 708.410 is different from its predecessor, the difference does not change the effect of that action insofar as the holding in *Cetenko* is concerned.

[4] Civil Code section 2897 reads: "Other things being equal, different liens upon the same property have priority according to the time of their creation, except in cases of bottomry and respondentia."

tial treatment over a judgment creditor's lien. However, there is a sound reason for this advantage.

"If an attorney's claim for a lien on the judgment based on a contract for fees earned prior to and in the action cannot prevail over the lien of a subsequent judgment creditor, persons with meritorious claims might well be deprived of legal representation because of their inability to pay legal fees or to assure that such fees will be paid out of the sum recovered in the latest lawsuit. Such a result would be detrimental not only to prospective litigants, but to their creditors as well." (*Cetenko* v. *United California Bank, supra,* 30 Cal.3d at pp. 535-536.)

Finally, we note that for limited types of liens the Legislature has determined that exceptions should be made to the "first in time, first in right" rule. As we have seen, Civil Code section 2897 itself recognizes two exceptions, for bottomry and respondentia. The Legislature has apparently chosen not to create an exception for judgment liens based upon child support arrearages. The mandate of Civil Code section 2897 is clear, and we see no persuasive reason to create an exception by judicial decree.

The order of the trial court establishing the priority of the lien for attorney's fees and costs is affirmed. Costs on appeal are awarded to respondent.

Martin, Acting P. J., and Brown, (G. A.), J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.