[No. B070445. Second Dist., Div. Seven. Jan. 27, 1994.]

MICHAEL WUJCIK, Plaintiff and Appellant, v.
JUDITH WUJCIK et al. Defendants and Respondents.

COUNSEL

Irving Apple and Michael P. Flattery for Plaintiff and Appellant.

Vicki M. Roberts for Defendants and Respondents.

OPINION

**JOHNSON, J.**—In this action the trial court adjudicated competing claims to a $35,000 arbitration award against Allstate Insurance Company and in favor of Michael Wujcik resulting from injuries Mr. Wujcik suffered in an automobile accident. Numerous medical providers and the attorney who represented Mr. Wujcik· in the personal injury action claimed contractual liens against the award totaling $35,800. Judith Wujcik, Mr. Wujcik's former spouse, claimed a lien for back child support against the same award in the sum of $30,000. The trial court ruled in favor of Ms. Wujcik and ordered Allstate to pay her $30,000 from the arbitration award. We reverse.

### FACTS AND PROCEEDINGS BELOW

Michael and Judith Wujcik separated in 1984. Ms. Wujcik remained in Massachusetts with the couple's two children. Mr. Wujcik moved to California. Mr. Wujcik made no child support payments between the date of separation and April 1991, the date Ms. Wujcik obtained a judgment of divorce.

In 1989, Mr. Wujcik was injured in an automobile accident. He retained the services of an attorney to represent him in connection with his claim for damages and signed an agreement granting the attorney a lien on any recovery. Mr. Wujcik received treatment and services from numerous medical providers to whom he also granted liens against any damages he might recover. The total amount of the liens is just under $35,800.

In 1990, Ms. Wujcik filed for divorce in Massachusetts.

In February 1991 an arbitrator awarded Mr. Wujcik the sum of $35,000 from Allstate Insurance Company. The arbitration award noted Allstate had already paid Mr. Wujcik $5,000 in medical expenses, leaving a net award of $30,000.

In April 1991 a Massachusetts court granted Ms. Wujcik a divorce. The judgment provided: "Defendant to turn over $30,000.00 dollars held by All State [sic] Insurance Company to said plaintiff for past and present child support. The Trustee All State [sic] Insurance Company is to turn the $30,000.00 dollars over to said plaintiff forthwith."

Allstate declined to pay the remaining $30,000 of the arbitration award to either party pending a resolution of the competing claims. Thus, in June 1991, Mr. Wujcik brought this action against Ms. Wujcik and Allstate to confirm the arbitration award and for a judgment declaring the $30,000 should be paid to his attorney and medical providers to satisfy their outstanding liens for services rendered on his behalf.

In October 1991, Ms. Wujcik obtained a California judgment giving full faith and credit to the Massachusetts judgment.

Mr. Wujcik's action for confirmation of the arbitration award and declaratory relief was tried to the court on stipulated facts and memoranda of law. The trial court ruled Ms. Wujcik's lien took precedence over the liens of Mr. Wujcik's attorney and medical providers. Accordingly, the court ordered Allstate to pay the $30,000 remaining from the arbitration award to Ms. Wujcik. Upon stipulation of the parties the money remains in an interest-bearing account pending the outcome of this appeal.

## DISCUSSION

■ Ms. Wujcik contends the Massachusetts judgment is dispositive of the claims to the personal injury award. The judgment in the Massachusetts divorce action specifically ordered Mr. Wujcik "to turn over $30,000.00 dollars held by All State [sic] Insurance Company to [Ms. Wujcik] for past and present child support." This judgment has been granted full faith and credit by a California superior court and both judgments are final. However, nothing in the Massachusetts judgment suggests the court intended to resolve competing claims to the personal injury award or even that it knew competing claims existed. We find nothing in the Massachusetts judgment precluding other creditors of Mr. Wujcik from asserting liens against the personal injury award.

Unless the Legislature provides otherwise, lien priorities are established in accordance with Civil Code section 2897[1] which states: "Other things being equal, different liens upon the same property have priority according to the time of their creation. . . ." Thus, contractual liens against a personal injury

---

[1]All statutory references are to the Civil Code unless otherwise noted.

award entered into prior to initiating a legal action have priority over a judgment creditor's lien created by filing notice once the action is pending. (*Cetenko* v. *United California Bank* (1982) 30 Cal.3d 528, 534 [179 Cal.Rptr. 902, 638 P.2d 1299, 34 A.L.R.4th 657].) Under the general time-of-creation rule, the contractual liens of Mr. Wujcik's medical providers and attorney take precedence over a judgment lien of Ms. Wujcik because the contractual liens predated the divorce judgment by several years.

*Cappa* v. *F & K Rock & Sand, Inc.* (1988) 203 Cal.App.3d 172, 175 [249 Cal.Rptr. 718] is directly on point. That case involved the question of priority between an attorney's contractual lien for fees against a personal injury recovery and a judgment creditor's lien for child support arrearages. In *Cappa*, the plaintiff retained an attorney to represent him in a personal injury action and gave the attorney a contractual lien on the gross recovery to cover attorney fees and costs. Subsequently, the County of Fresno (County) filed a judgment creditor's lien in the personal injury action based on a judgment it had obtained on behalf of the State of Washington against Cappa for child support arrearages. Citing *Cetenko, supra*, and section 2897 (at p. 175), the court held the attorney's lien had priority over the County's judgment lien. The court rejected the County's argument it should create an exception to the time-of-creation rule for judgment liens based on child support arrearages. The court pointed out the State of Washington had already supplied the child with support and sought reimbursement for those payments. Thus, it was not Mr. Cappa's child, but the state, which sought to hold Mr. Cappa responsible for child support arrearages. (*Ibid.*)

Ms. Wujcik attempts to distinguish *Cappa* on the ground that here it is Mr. Wujcik's children, not a state, who seek to hold him responsible for back child support.

It is true the Massachusetts judgment directly benefits the Wujcik children, not the state. However, the effect of giving the child support judgment priority over the liens of the medical providers and attorney would not be to hold Mr. Wujcik responsible for paying his child support arrearages. Rather, the effect would be to hold the medical providers and the attorney responsible for paying Mr. Wujcik's child support obligation out of their pockets.

Not only is such a result patently unfair, it contravenes the strong public policy favoring the satisfaction of liens of medical providers and attorneys from personal injury recoveries. "If an attorney's claim for a lien on the judgment based on a contract for fees earned prior to and in the action cannot prevail over the lien of a subsequent judgment creditor, persons with meritorious claims might well be deprived of legal representation because of

their inability to pay legal fees or to assure that such fees will be paid out of the sum recovered in the latest lawsuit. Such a result would be detrimental not only to prospective litigants, but to their creditors as well." (*Cetenko* v. *United California Bank, supra,* 30 Cal.3d at pp. 535-536.)

Similarly, in personal injury cases the injured party's need for medical attention may be immediate while the ability to pay for that attention before it is provided may be absent. If medical providers did not have at least the security of priority against a subsequent recovery, it would not be long before they ceased to perform their services until they were paid. "[P]ublic policy should support a system which enables medical people and medical businesses to be secure in a belief they will be paid for their services without having to become involved in civil litigation." (*Nicoletti* v. *Lizzoli* (1981) 124 Cal.App.3d 361, 370 [177 Cal.Rptr. 685].)

■ Finally, Ms. Wujcik argues she has an equitable lien for child support which arose at the time she and Mr. Wujcik separated in 1984 and he failed to make child support payments. This equitable lien predated the contractual liens of Mr. Wujcik's medical providers and attorney and therefore is entitled to priority under section 2897.

Ms. Wujcik has cited no authority, nor have we found any, for the proposition a duty to pay child support creates an equitable lien in favor of the child or custodial parent. The purpose of an equitable lien is to permit the property of one person to be reached by another as security for a claim on the ground that otherwise the former would be unjustly enriched. (Rest. Restitution, § 161.) It is akin to a constructive trust. (*Hise* v. *Superior Court* (1943) 21 Cal.2d 614, 626-627 [134 P.2d 748].) There is no showing in this case the personal injury award was held in a constructive trust for the Wujcik children. Nor is there any showing Mr. Wujcik would be unjustly enriched if an equitable lien in favor of Ms. Wujcik was not imposed on his personal injury award. Indeed, as we have explained, the equities in this case favor the medical providers and the attorney.[2]

For the reasons set forth above, the trial court erred in ruling the lien claimed by Ms. Wujcik took precedence over the liens of Mr. Wujcik's

---

[2]At oral argument, respondent argued for the first time her judgment for child support had priority under former section 4700 which provided: "All payments of support shall be made by the person owing the support payment prior to the payment of any debts owing to creditors." (See now Fam. Code, § 4011.) This section has been interpreted to mean a parent cannot claim *inability* to pay child support by voluntarily creating a large debt in relation to income. (See *In re Marriage of Kirk* (1990) 217 Cal.App.3d 597, 607 [266 Cal.Rptr. 76]; *In re Marriage of Muldrow* (1976) 61 Cal.App.3d 327, 333 [132 Cal.Rptr. 48].) We have found no case, nor has respondent cited one, holding former section 4700 prescribes a priority among judgment creditors.

attorney and medical providers and in ordering Allstate to pay the remainder of the personal injury award to Ms. Wujcik.

## DISPOSITION

The judgment is reversed. Appellant is awarded costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.

Respondents' petition for review by the Supreme Court was denied April 21, 1994.