In re the MARRIAGE OF Cindi L. ETCHEVERRY, f/k/a Cindi L. Pratt, Appellant,

and

Leslie J. Pratt, Respondent,

and

Concerning Catherine Burkey, Appellee.

No. 95CA1208.

Colorado Court of Appeals, Div. II.

June 27, 1996.

Drew Moore, Grand Junction, for Appellant.

Feather Legal Services, P.C., Gerald B. Feather, Grand Junction, for Appellee.

Opinion by Judge CRISWELL.

Cindi L. Etcheverry (wife) appeals from the order foreclosing the attorney lien of her former attorney, Catherine Burkey (attorney), and requiring all child support payments made by Leslie J. Pratt (husband) to be forwarded to the attorney until the lien is satisfied. Because we conclude that public policy prohibits an attorney's charging lien from attaching to child support payments, we reverse.

The attorney represented wife in a dissolution of marriage proceeding, and husband was ordered to pay wife, through the court registry, $268 per month for child support and $300 per month for maintenance. When wife did not pay the $3740 in attorney fees owed at the conclusion of the proceedings, the attorney filed a notice of attorney lien claim and a motion to foreclose the lien. The trial court granted the motion and ordered

that the child support payments were to be redirected to the attorney until the lien claim was paid in full.

Section 12–5–119, C.R.S. (1991 Repl. Vol. 5A) provides that attorneys shall have a charging lien on any "judgments they may have obtained or assisted in obtaining," as well as a lien:

on any and all claims and demand in suit for any fees or balance of fees due....

It is apparent that, on its face, this statute would allow the attorney to assert a charging lien against any payments to be made to the wife that were pursuant to a court order that the attorney assisted in obtaining, irrespective whether such payments were in the form of property division, maintenance, or child support.

However, in *Hall v. Hall–Stradley*, 776 P.2d 1166 (Colo.App.1989), it was determined that, based upon public policy, child support payments due to a parent under a court order were exempt from execution and garnishment, even though no specific statutory exemption had been created for such payments.

This decision later received legislative approval by the adoption of § 13–54–102.5(1), C.R.S. (1995 Cum.Supp.), which provides that any child support payment to be made to a parent pursuant to a court order is exempt from "levy under writ of attachment or writ of execution" for any debt owed by either parent. *See also* § 13–54–102(1)(a), C.R.S. (1995 Cum.Supp.).

A proceeding to enforce an attorney's charging lien is not a levy upon property under either a writ of execution or a writ of attachment, and it does not, therefore, fall within the literal terms of these statutes. Moreover, we need not decide whether the enforcement of such a lien is the functional equivalent of either.

We conclude, rather, that the same public policy referred to in *Hall v. Hall–Stradley, supra,* which prevents a levy upon child support payments, also prevents the enforcement of an attorney's charging lien upon such payments.

This conclusion is consistent with that reached by the great majority of the courts that have passed upon the issue. The lead-

ing opinion upon the point is *Fuqua v. Fuqua,* 88 Wash.2d 100, 558 P.2d 801 (1977). After reviewing numerous previous opinions from other jurisdictions, the court there concluded that to allow the enforcement of such a lien would "wholly frustrate" the court's function in attempting to provide adequate support for minor children. Hence, even in the absence of any exemption in the statute authorizing the assertion of an attorney's lien, the *Fuqua* court ruled that public policy prohibits the attachment of such a lien upon funds representing court-ordered payments for child support. *Accord Sue Davidson, P.C. v. Naranjo,* 904 P.2d 354 (Wyo.1995) (citing numerous later opinions adopting the *Fuqua* conclusion).

■ Therefore, irrespective whether the exemption created by § 13–54–102.5(1) and § 13–54–102(1)(a) can be construed to be applicable to an attorney's charging lien under § 12–5–119, the public policy of this state prevents the assertion of such a lien against funds owing to a parent as child support pursuant to a court order.

The order of the trial court is reversed, and the cause is remanded to the court with directions to deny the attorney's request for a lien to the extent that such request would cause such a lien to attach to funds owed as child support.

HUME and JONES, JJ., concur.