OPINION OF THE COURT
Andrew V. Siracuse, J.
To the best of this court’s knowledge this is a case of first *596 impression, at least as far as New York is concerned. The petitioner here has settled a lawsuit for $7,500. There are a number of liens against him and this award, however, which make it unlikely that he will see any of it.
Four liens are involved here, and the court is required to determine their priority. Mr. Daniels’s attorney has brought an order to show cause for approval of this settlement and an order distributing the monies received. She understandably wants first priority to be given to her attorney’s lien, which amounts to $2,460 plus $298 in costs. Legion Insurance, the workers’ compensation carrier, has no objection to the charging lien but argues that it has a statutory lien on the remainder. The Child Support Collection Unit, however, insists that it has priority over both of them, as Mr. Daniels owes child support in excess of $20,000. Finally, a former landlord, Robert Dykes, has a filed judgment for back rent; he has not appeared in this proceeding, and in any event would not have priority over the Support Unit. He, like Mr. Daniels, will receive nothing no matter how the case is decided.
The real issue pits the interests of child support against everyone else. The Support Unit relies on fairly recent language in CPLR 5242 (d) which states that support has priority over any other “assignment, levy or process.” Does this mean it takes precedence over statutory liens, such as the one in Workers’ Compensation Law § 29, which are said to be “inviolable”? Does it mean that support is superior to attorney’s charging liens, which as Mr. Daniels’s attorney points out are considered at common law to arise with the cause of action?
These are two separate issues. The cases cited by the Support Unit tend to combine the two; one concerns a charging lien asserted on ongoing compensation payments (Minor Child of Zentack v Strong, 83 Ohio App 3d 332, 614 NE2d 1106 [1992]) and the other deals with a lump-sum compensation award in which the court decided that the charging lien should be taken from the 35% of the award that was exempt from child support garnishment (Rios v Mireles, 937 P2d 840 [Colo 1996]). Neither of them addresses the issues here.
As for the charging lien, the factual situation in Zentack is not at all clear and the Rios court clearly left the attorney’s lien in place. Neither stands for the proposition advanced by the Support Unit and neither binds this court in any event. Mr. Daniels’s counsel is correct in her argument that the lien comes into being with the cause of action, and efiectively *597 predates all others. But this, of course, is a matter that the Legislature is free to change, and the court does not base its decision on this argument.
It holds, instead, that both logic and public policy require that the charging lien be given priority. These are the same reasons that have always justified a reduction in the workers’ compensation lien for attorneys’ fees and costs of litigation: the attorney is in fact creating a fund which inures to the benefit of the lienors, and which the lienors would not have available otherwise.
There would be no monies payable to Mr. Daniels if his attorney had not taken the case and pressed it to a successful conclusion. She was, in a sense, working for both the Support Unit and the compensation carrier. It would be obviously unjust and inequitable for the Support Unit to deprive her of payment for her work, which is what it is trying to do here. The unit’s position, in fact, is self-defeating. If attorneys have no chance of getting paid they will not take cases. If no attorney will pursue a cause of action on behalf of a plaintiff who owes support, because the Support Unit will simply take the fees, the result will be that such plaintiffs will never get representation, and eventually the unit will have less money available on which to levy. The best precedent for this situation is the fable of the goose that laid the golden eggs.
The workers’ compensation lien presents different issues. Neither of the cases cited by the Support Unit deals with the present fact pattern, in which what is being levied upon is not a compensation award but a judgment on which the compensation carrier has a statutory lien. Nor does the court find much guidance in the language of the CPLR. A statutory lien is clearly unlike an assignment, which is something within the power of the support payor, and both levies and processes could well be considered as actions that affect monies already in the payor’s hands. The essence of both the charging lien and the compensation lien is that the recipient has no real right to those funds.
The court holds, though, that the compensation carrier has priority because the Support Unit has already had its opportunity to seize these monies. The lien acts simply to avoid double recovery; it retrieves funds previously paid to Mr. Daniels through workers’ compensation insurance. Those previous payments, though, were income subject to support calculation and thus could be levied upon when they were first paid out (see Domestic Relations Law § 240 [1-b] [b] [5] [iii] [A]). *598 The Support Unit wishes to levy on the payments both as they were received and also as they were repaid to the compensation carrier. The unit, though, has no more right to income than Mr. Daniels has; it effectively stands in his shoes. He would not be in a position to demand a double recovery, and the unit has no superior right.
The court therefore holds that first priority in these funds goes to Mr. Daniels’s attorney. Next stands respondent Legion Insurance. The Support Collection Unit follows, and Mr. Dykes is last.