■ In the Matter of CHRISTOPHER DANIELS, Respondent, v MONROE COUNTY CHILD SUPPORT COLLECTION UNIT, Appellant, and LEGION INSURANCE COMPANY, BY GAB ROBINS NORTH AMERICA, INC., Respondent, et al., Respondent. [783 NYS2d 443]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered August 12, 2003. The order, insofar as appealed from, granted respondent Monroe County Child Support Collection Unit third priority on the proceeds of a settlement obtained by petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly determined that petitioner's attorneys have first priority to the proceeds of a settlement obtained by petitioner in connection with a work-related injury followed by, respectively, respondent Legion Insurance Company, by GAB Robins North America, Inc. (Legion), respondent Monroe County Child Support Collection Unit (CSEU) and respondent Robert Dykes. The attorneys for petitioner obtained the settlement on his behalf and thus have a "lien upon . . . [the] claim . . . , which attaches to . . . the proceeds [of the settlement] thereof in whatever hands they may come" (Judiciary Law § 475; *see Banque Indosuez v Sopwith Holdings Corp.,* 98 NY2d 34, 37-39 [2002], *rearg denied* 98 NY2d 693 [2002]). Contrary to the contention of CSEU, the statutory lien is not an "assignment, levy or process" over which CSEU's execution of judgments for unpaid child support has priority (CPLR 5234 [b]; *cf. Matter of Kitson & Kitson v City of Yonkers,* 10 AD3d 21, 26 [2004]). We reject the further contention of CSEU that the execution of its judgments takes priority over Legion's statutory lien imposed on the proceeds pursuant to Workers' Compensation Law § 29 (1). The "inviolability of the lien given to a work[ers'] compensation carrier against *any recovery* by a compensation claimant" has long been recognized (*Matter of Granger v Urda,* 44 NY2d 91, 96 [1978]). As Legion properly concedes, however, the attorneys' charging lien takes priority over its lien (*see* Workers' Compensation Law § 29 [1]). We note that the legislative action seeking to "strengthen[ ] child support enforcement" left undisturbed Judiciary Law § 475 and Workers' Compensation Law § 29 (1) (L 1993, ch 59). We therefore affirm the order. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ. [*See* 196 Misc 2d 595.]