**Joseph Adams COPE, individually and as a member of Frascona, Joiner, Goodman & Greenstein, P.C., Defendant–Appellee,**

v.

**Laurence WOZNICKI, Defendant– Appellant.**

No. 04CA1964.

Colorado Court of Appeals, Div. III.

April 20, 2006.

Frascona, Joiner, Goodman & Greenstein, P.C., Joseph A. Cope, Boulder, Colorado, for Defendant–Appellee.

Stevens, Littman, Biddison, Tharp & Weinberg, LLC, Mark E. Biddison, Boulder, Colorado, for Defendant–Appellant.

ROY, J.

In this interpleader action, Laurence Woznicki (the garnishor) appeals the trial court's summary judgment in favor of John Adams Cope and Frascona, Joiner, Goodman & Greenstein, P.C. (collectively the attorneys), enforcing an attorney's lien in the amount of $336,510.99, plus interest, on settlement proceeds in the amount of $150,000. We affirm.

This case arises from the litigation of a complicated real estate dispute in which the garnishor, along with others, was represented by the attorneys in the early stages. The garnishor, apparently acting independently, obtained a judgment against a fellow defendant and client of the attorneys, W/J Ranch (the judgment debtor), in the amount of $253,328.43.

During their representation, the attorneys negotiated settlement agreements with some of the opposing parties. Cope was then des-

ignated as a witness by the opposing parties, and the attorneys withdrew. At the time of the withdrawal, the attorneys filed and served upon the opposing counsel a notice of an attorney's lien pursuant to §§ 12–5–119 and 12–5–120, C.R.S.2005, in the amount of $336,510.99, plus interest. The attorneys also served the notice on counsel for the insurer that ultimately funded the settlement.

Following the withdrawal of the attorneys, the underlying litigation was bifurcated and scheduled for two jury trials. The settlement proceeds resulted from a settlement entered prior to the second trial. The garnishor caused a writ of garnishment to be served on the insurer's counsel after the settlement was finalized. The insurer responded that it was in possession of funds belonging to the judgment debtor and indicated that it would interplead the funds to resolve the conflicting claims among the attorneys, the garnishor, and others.

After the insurer interpleaded the funds, the attorneys and the garnishor, along with other claimants, filed cross-motions for summary judgment. The trial court granted the attorneys' motion on the ground that Cope had an attorney's lien which attached to the settlement proceeds and was superior to the interests of the other claimants. Only the garnishor appeals.

I.

■ The garnishor contends that the trial court erred in granting the attorneys' motion for summary judgment because, according to the garnishor, the attorney's lien attaches only to judgments and not to settlements. We disagree.

We review a grant of summary judgment de novo. *Vail/Arrowhead, Inc. v. Dist. Court,* 954 P.2d 608 (Colo.1998). Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *Trigg v. State Farm Mut. Auto. Ins. Co.,* 129 P.3d 1099 (Colo.App. 2005).

The interpretation of a statute is a question of law that an appellate court reviews de novo. *Ryals v. St. Mary–Corwin Reg'l Med. Ctr.,* 10 P.3d 654 (Colo.2000). In construing statutes, our primary duty is to give full effect to the intent of the General Assembly. Accordingly, we start with the plain language of the statute. "[I]f courts can give effect to the ordinary meaning of the words adopted by a legislative body, the statute should be construed as written since it may be presumed that the General Assembly meant what it clearly said." *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.,* 109 P.3d 585, 593 (Colo.2005)(quoting *Pierson v. Black Canyon Aggregates, Inc.,* 48 P.3d 1215, 1218–19 (Colo. 2002)).

Although Colorado does not recognize a common law attorney's lien, it recognizes by statute a charging lien, § 12–5–119, and a retaining lien, § 12–5–120. *See also Collins v. Thuringer,* 92 Colo. 433, 21 P.2d 709 (1933). We need address only the charging lien.

Section 12–5–119, the charging lien statute, provides:

All attorneys- and counselors-at-law shall have a lien on any money, property, choses in action, or claims and demands in their hands, on any judgment they may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client. In the case of demands in suit and in the case of judgments obtained in whole or in part by any attorney, such attorney may file, with the clerk of the court wherein such cause is pending, notice of his claim as lienor, setting forth specifically the agreement of compensation between such attorney and his client, which notice, duly entered of record, shall be notice to all persons and to all parties, including the judgment creditor, to all persons in the case against whom a demand exists, and to all persons claiming by, through, or under any person having a demand in suit or having obtained a judgment that the attorney whose appearance is thus entered has a first lien on such demand in suit or on

such judgment for the amount of his fees. Such notice of lien shall not be presented in any manner to the jury in the case in which the same is filed. Such lien may be enforced by the proper civil action.

As to the charging lien, the Tenth Circuit Court of Appeals, in *Donaldson, Hoffman & Goldstein v. Gaudio*, 260 F.2d 333, 335 (10th Cir.1958), stated that it applies in three scenarios:

1. All attorneys shall have a lien on any money, property, choses in action, or claims and demands in their hands, for any fees, due or to become due from any client.

2. All attorneys shall have a lien on any judgment they may have obtained, or assisted in obtaining, in whole or in part for any fees or balance of fees, due or to become due from any client.

3. All attorneys shall have a lien on any and all claims and demands in suit for any fees or balance of fees, due or to become due from any client.

■ The statute distinguishes between "judgments" and "claims and demands in suit" and provides that the attorney has "a first lien on such demand in suit or on such judgment." Section 12–5–119. Our supreme court, in *In re Estate of Benney*, 790 P.2d 319, 322 (Colo.1990)(footnote omitted), stated:

The charging lien ... grants an attorney a lien on claims or choses in action (such as, for example, the client's claim against another for money due on a contract or on an unpaid promissory note payable to the client), on any judgment that the attorney obtained or assisted in obtaining in favor of the client, and on any legal claim filed by the attorney for fees due from the client. The purpose of the charging lien is to satisfy the attorney's equitable claim for services rendered to the client.

The charging lien accrues from the moment an attorney commences services. *In re Marriage of Berkland*, 762 P.2d 779 (Colo.App. 1988).

■ The fact that the General Assembly has listed "claims and demands in suit" separately from judgments demonstrates that it is not necessary to obtain a judgment in order for the attorney's lien to attach. This conclusion is supported by the plain meaning of the statute.

Here, the lien claimed by the attorneys falls under the third scenario of the charging lien statute as described in *Donaldson, Hoffman & Goldstein v. Gaudio, supra*. The lien arose from services provided by the attorneys prior to withdrawal for which they were entitled to be compensated. As such, their lien attaches to the settlement proceeds.

II.

However, the garnishor further contends that the trial court erred in holding that the attorney's lien attached to the settlement proceeds because the attorneys did not negotiate the settlement. Again, we disagree.

■ The garnishor cites no Colorado cases for this proposition. However, as we have already noted, "[t]he purpose of the charging lien is to satisfy the attorney's equitable claim for services rendered to the client." *In re Estate of Benney, supra*, 790 P.2d at 322. If we were to adopt the garnishor's proposition, we not only would obviate the equitable purpose behind the statute, but also would allow for parties to engage in collusive settlement agreements for the purpose of precluding an attorney from enforcing a valid charging lien. *See Miller v. Houston*, 27 Colo. App. 89, 146 P. 786 (1915). As such, we conclude that the garnishor's position is untenable.

The judgment is affirmed.

Judge TAUBMAN and Judge LOEB concur.