The PEOPLE of the State of Colorado through the 18TH JUDICIAL DISTRICT OF the DISTRICT ATTORNEY FAMILY SUPPORT DIVISION, Intervenor–Appellant,

In the Interest of J.W., a Child,

Upon the Petition of D.D., Petitioner,

and

Concerning P.W., Respondent,

and

Frankl & Tasker, P.C., Garnishee–Appellee.

No. 06CA2117.

Colorado Court of Appeals, Div. V.

Nov. 1, 2007.

---

Carol Chambers, District Attorney, Rachel Leone, Deputy District Attorney, Alison Barrett, Deputy District Attorney, Centennial, Colorado, for Intervenor–Appellant.

No Appearance for Respondent.

Frankl & Tasker, P.C., Thomas G. Tasker, Denver, Colorado, for Garnishee–Appellee.

Opinion by Judge ROMÁN.

In this paternity action, the People appeal from the trial court's order affirming the magistrate's determination that the attorney's lien on personal injury settlement proceeds obtained for Paul Harding Wood (father) had priority over a child support judgment. We affirm.

The People filed a verified entry of support judgment in the amount of $24,160.28, representing child support arrearages that father owed Deborah DeThomas (mother) for the period between May 1993 and March 2006.

The People subsequently obtained a writ of garnishment for the support judgment, and served both father and Thomas George Tasker (counsel), a member of Frankl & Tasker, P.C. (law firm), who had obtained a personal injury settlement in the amount of $17,000 for father. Eleven days after service, counsel sent the People answers to the questions in the writ and disbursed $9,830.03 of the $17,000 settlement from the personal injury case to the Arapahoe Child Support Enforcement Unit (CSEU). However, counsel did not file the answers with the court within ten days of service, as instructed by the writ. Counsel also withheld $6,593.22 to cover law firm's legal fees and costs and $576.75 for a medical lien.

The People then filed a motion for entry of default judgment and verified traverse, seeking entry of judgment in the amount of $17,000 against counsel based on his failure to file an answer with the court and withhold-ing the sum for attorney fees and costs. Three days later, law firm filed an entry of appearance and answer, indicating that it had paid all net personal injury settlement proceeds to the CSEU. Law firm opposed entry of default, claiming the right to setoff under C.R.C.P. 103(10) and arguing that the writ extended only to the net settlement proceeds after deduction of attorney fees and expenses.

Upon review of the pleadings, and after distinguishing the cases relied on by the People, the magistrate rejected the People's argument that the child support judgment had priority over all other judgments and liens. The magistrate found that law firm had a statutory charging lien on the settlement proceeds, which were not child support but would merely be used to satisfy a child support judgment, and that law firm did not fail to answer or pay pursuant to the writ. Relying on out-of-state authority, the magistrate concluded that law firm was entitled to disburse the portion of the settlement funds representing its attorney fees prior to disbursing the garnished funds to the People. On the People's timely filed petition for review, the trial court affirmed the magistrate's order.

## I. Judgment and Notice

We reject the People's assertion that the personal injury settlement was not subject to the attorney's charging lien because it did not constitute a judgment. *See Cope v. Woznicki*, 140 P.3d 239, 241 (Colo.App.2006) (it is not necessary to obtain a judgment in order for the attorney's lien to attach).

We also reject the People's assertion that the attorney's lien was not enforceable against them because law firm failed to file a notice of the lien. The People had actual notice of the lien. *See Aleman v. Annable*, 110 Colo. 61, 63, 129 P.2d 987, 988 (1942). Nevertheless, notice was not required because the settlement funds were in counsel's possession. *See In re Oiltech, Inc.*, 38 B.R. 484, 486 (Bankr.D.Nev.1984); *Clark v. O'Donnell*, 68 Colo. 279, 286, 187 P. 534, 537 (1920).

## II.  C.R.C.P. 103

■ The magistrate and the trial court expressly found that law firm did not fail "to answer or pay" as provided for in C.R.C.P. 103(7)(a)(1). The rule requires default only if the garnishee fails to answer or pay *any* nonexempt earnings. The trial court also found that the writ required law firm to hold only that property "owed to or owned by the judgment debtor," and concluded that entry of default was not required because law firm paid such amounts within the time required. Thus, the magistrate and the court did not disregard the procedure set forth in C.R.C.P. 103.

■ Finally, the magistrate also found, and we agree, that the settlement proceeds did not constitute "earnings," as that term is defined in section 13–54–104(1)(b)(I), C.R.S. 2007. Therefore, the statutory exemptions and method of computing "disposable earnings" subject to garnishment of earnings do not apply.

## III.  Law and Policy

The People finally assert that it was error not to extend priority given to child support garnishments over all other liens. We disagree under the circumstances of this case.

■ A judgment creditor, by garnishment, secures only the judgment debtor's interest against the garnishee. *Law Offices of Andrew L. Quiat, P.C. v. Ellithorpe*, 917 P.2d 300, 304 (Colo.App.1995); *see Collins v. Thuringer*, 92 Colo. 433, 437, 21 P.2d 709, 710 (1933). In other words, a judgment creditor cannot garnish sums that the judgment debtor himself could not recover from the garnishee. *In re Stone*, 194 Colo. 394, 397, 573 P.2d 98, 100 (1977); *Salle v. Howe*, 793 P.2d 628, 630 (Colo.App.1990)(judgment creditor's rights were subject to attorney's lien).

■ An attorney's lien begins to accrue from the moment services commence and attaches automatically to any monies or property due or owing to the client that the attorney obtains or assists in obtaining. *In re Marriage of Shapard*, 129 P.3d 1007, 1009 (Colo.App.2004).

■ Here, father had an interest only in the net personal injury settlement proceeds, after deduction of law firm's attorney fees, which he agreed to, and, therefore, the People's writ of garnishment could attach only to such net proceeds. *See Salle v. Howe*, 793 P.2d at 630. Accordingly, the decision of the magistrate and the trial court was correct under application of state law.

The holding in *Rios v. Mireles*, 937 P.2d 840 (Colo.App.1996), is not dispositive because it concerned calculation of the exempt portion of "earnings," not a personal injury settlement, and the parties agreed there that the attorney's lien should be satisfied first. *In re Marriage of Etcheverry*, 921 P.2d 82 (Colo.App.1996), concerned an attempt, unlike here, to enforce an attorney's charging lien against ongoing monthly child support payments paid to the custodial parent.

■ We recognize the public policy generally favoring the satisfaction of child support obligations. *See, e.g., In re Marriage of Etcheverry*, 921 P.2d at 83. However, other courts have addressed and rejected the specific argument that a writ of garnishment for child support arrearages must be given priority over all other liens, and their rulings are persuasive. *See Wujcik v. Wujcik*, 21 Cal.App.4th 1790, 1794–95, 27 Cal.Rptr.2d 102, 104 (1994) (duty to pay child support does not create equitable lien favoring wife over attorney's lien on damages obtained in husband's automobile accident claim); *Cappa v. F & K Rock & Sand, Inc.*, 203 Cal.App.3d 172, 175–76, 249 Cal.Rptr. 718, 720 (1988) (state's lien for child support arrearages did not have priority over previously created lien for attorney fees); *Morrone v. Thuring*, 334 N.J.Super. 456, 462, 759 A.2d 1238, 1241 (2000)(priority given to child support in garnishment of ongoing wages is not extended to statutory lien for health care provider); *Daniels v. Monroe County Child Support Collection Unit*, 196 Misc.2d 595, 597, 763 N.Y.S.2d 461, 462 (N.Y.Sup.Ct.2003) (attorney's charging lien has priority over lien of child support collection unit), *aff'd*, 11 A.D.3d 944, 783 N.Y.S.2d 443 (2004).

As stated in *Daniels*, 196 Misc.2d at 597, 763 N.Y.S.2d at 462, "[t]here would be no monies payable to [father] if his [personal

injury] attorney had not taken the case and pressed it to a successful conclusion." Our supreme court recognized this factor long ago. See *Dankwardt v. Kermode*, 68 Colo. 225, 230, 187 P. 519, 521 (1920) ("[T] he attorney's lien should, in equity and good conscience, prevail . . . as it was only through [the attorney's] professional skill and efforts that the demand finally became of any settled and definite value at all. . . .").

If the General Assembly means to give priority to child support arrearages over all other liens, it is for that body, not this court, expressly to say so. *See Kallenberger v. Buchanan*, 649 P.2d 314, 318 (Colo.1982) ("One of the fundamental tenets of our constitutional system is that courts do not approve or disapprove the wisdom of legislative decisions or the desirability of legislative acts."); *In re Marriage of Lishnevsky*, 981 P.2d 609, 611 (Colo.App.1999).

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

### IV.   Frivolous appeal

 Law firm's request that we impose attorney fees, costs, and damages against the People for a frivolous appeal is denied for lack of statutory authority allowing such an award. *See People in Interest of W.M.*, 643 P.2d 794, 796 (Colo.App.1982)(award against state under C.A.R. 38(d) is allowed only to the extent authorized by law).

The order is affirmed.

Judge LOEB and Judge PLANK * concur.

§ 24–51–1105, C.R.S.2007.