Mr. Justice Hodges
delivered the opinion of the Court.
We will refer to the plaintiffs in error as the petitioners and to the defendant in error, the City and County of Denver as Denver.
*513 Certiorari was granted by this court to review the action of Denver’s Superior Court in granting Denver’s motion for dismissal of the petitioners’ appeal from their convictions in the Denver County Court, where they were found guilty by a jury of violating Section 842.1 of the revised municipal code of Denver (disturbance of the peace). The charges were based on the petitioners’ alleged violations on January 6, 1986 at the new Federal Building and in the offices of the Federal Bureau of Investigation.
Petitioners sought to appeal their conviction to the Superior Court, however, they admittedly failed to docket their appeal and to pay the required docket fee in Superior Court until eighty-four days subsequent to filing their notice of appeal with the county court. Denver’s motion for dismissal was grounded on the petitioners’ late payment of the docket fee in the Superior Court. Petitioners maintain that the Superior Court abused its discretion when it granted Denver’s motion to dismiss the appeal.
The statutory provision governing the appeal procedure we are here concerned with is set forth in 1965 Perm. Supp., C.R.S. 1963, 37-17-15 enacted by our leg-is1 ature in 1964. Paralleling this legislation, this court adopted on January 11, 1265, to become effective January 12, 1965, that which has been denominated as “Simplified Criminal Procedure for Trial of Misdemeanors” and which includes Rule 37, captioned “Appeals,” in the Rules of Criminal Procedure in County Courts.
In 1965 Perm. Supp., C.R.S. 1963, 37-17-15(1), insofar as it applies to the issue before us, there is quoted the following:
“If the defendant believes that the judgment of the county court in a criminal action under simplified procedure is in error, he may appeal to the district court for the county by giving notice of appeal to the county court within thirty days after the date of entry of the judgment. The appeal shall then he docketed in the *514 district court and the docket fee paid. ...” (Emphasis added)
Unfortunately, the above provision makes it unclear as to when the appeal is required to be docketed and the docket fee paid. It is therefore incumbent on us to make a determination of a reasonable time within which an appellant must docket his appeal in the appellate court. A clear expression of this time element is required, otherwise, the whole appeal procedure provided could deteriorate into a confusing panorama of varied interpretations throughout this intermediate appellate system in our courts. In adopting the so-called simplified procedures for the prosecution of misdemeanors and the appeal procedures, the expressed legislative purpose was to provide expeditious and simple methods. It therefore follows that the legislature intended to provide a reasonable time element between the filing of the notice of appeal in the county court and the docketing of the case in the appeal court and payment of the docket fee.
In 1965 Perm. Supp., C.R.S. 1963, 37-17-15(8), it is provided that in counties in which a Superior Court has been established, appeals from the county court shall be taken to the Superior Court rather than the district court.
Any indication as to what may have been the legislative intention as to the time element when the appeal must be docketed and the docket fee paid must be gleaned from the word “then” appearing in the heretofore quoted and emphasized portion of 1965 Perm. Supp., C.R.S. 1963, 37-17-15(1).
The adverb “then” is defined in Webster’s New International Dictionary, Second Edition (Unabridged) as
“soon or immediately after this; for a time thereafter; next after that in order of time; . . . following next after this in order of position, narration, enumeration, etc.”
We have also examined a number of decisions from *515 other jurisdictions which have had occasion to interpret the meaning of the word “then” as an adverb to indicate time when used in constitutional provisions, statutes, contracts, and wills. We will not encumber this decision with a discussion of these cases except to state that the interpretations are substantially consistent with the lexicographer’s definitions itemized heretofore.
Based upon this research, it is our determination that the intended use of the adverb “then” in 1965 Perm. Supp., C.R.S. 1963, 37-17-15(1) is to denote soon after and next in the order of time after the filing of the notice of appeal in the county court. Next in the order of time logically means that the docketing and payment of the docket fee must be accomplished before the next subsequent procedure as required by the statutory provision we are here concerned with. The next subsequent procedure in 1965 Perm. Supp., 1963 C.R.S. 37-17-15(2) provides that either the appellant lodge a transcript with the county court within forty days after judgment, or if the proceedings are electrically recorded, the clerk of the county court shall prepare the transcript within forty days after judgment.
 We therefore hold that a reasonable time within which an appellant shall docket his case and pay the docket fee in the appellate court shall be on or before the fortieth day after the date of judgment of the county court, and next in the order of time after filing the notice of appeal in the county court. This time element is unaffected by any enlargement, for any reason, of the forty days provided for the lodging or preparation of the transcript.
Consequently, we hold that the eighty-four days intervening between the filing of the notice of appeal and the petitioners’ payment of the docket fee and docketing of their case in the Superior Court was not a reasonable time, and was therefore contrary to the provisions of 1965 Perm. Supp., C.R.S. 1963, 37-17-15(1). *516 Therefore the Superior Court did not abuse its discretion in dismissing the petitioners’ appeal.
Judgment affirmed.
Mr. Justice Day and Mr. Justice Pringle concur in the result.
Mr. Chief Justice Moore not participating.