In re the MARRIAGE OF Robert
B. EGGERT, Appellee,

and

Terri L. Eggert, Appellant,

and

Concerning Doris B. Truhlar, Parenting
Coordinator–Appellee.

No. 01CA1296.

Colorado Court of Appeals,
Div. V.

June 6, 2002.

As Modified on Denial of Rehearing
July 18, 2002.

Mills & Weitzenkorn, P.C., Gina B. Weitzenkorn, Denver, Colorado, for Appellee.

Hall & Evans, L.L.C., Alan Epstein, Denver, Colorado, for Appellant.

Truhlar & Truhlar, LLP, Doris B. Truhlar, Robert J. Truhlar, Littleton, Colorado, for Parenting Coordinator–Appellee.

Opinion by Judge CASEBOLT.

In this post-dissolution of marriage proceeding between Terri L. Eggert (mother) and Robert B. Eggert (father), mother appeals the order approving the request for fees filed by parenting coordinator, Doris B. Truhlar (coordinator), and denying her request for sanctions against coordinator. We affirm in part, reverse in part, and remand for additional proceedings.

Following entry of a decree terminating the marriage, various issues arose between the parties regarding the children. Pursuant to § 14–10–128.5, C.R.S.2001, the trial court appointed coordinator, approved her proposed hourly rate, directed her to submit monthly bills to the parties, and ordered the parties to share the cost of such services equally. The order granted coordinator broad powers to arbitrate and decide parenting issues and related matters.

A dispute arose between mother and coordinator concerning fees billed for coordinator's services. When the parties entered into a child support stipulation and agreed that father would pay $10,600 to mother for support arrearages, coordinator requested that the payment be deposited into the registry of the court. She also submitted a request for approval of the fees billed to mother and requested payment from the deposited funds.

Mother contested the reasonableness and necessity of some of the fees, asserted that coordinator had exceeded the scope of her appointment, and sought a hearing on coordinator's fee request. Mother also opposed the request for deposit of the funds into the registry because the child support arrearages were not subject to any lien, attachment, or levy.

Father deposited the funds into the registry, and shortly thereafter, the court conducted a telephone hearing concerning entitlement to the deposited funds. The court denied coordinator's request for payment from the child support funds and ordered immediate payment of those funds to mother. The court subsequently ordered mother to pay in full her share of coordinator's fees. The court did not hold a hearing on the amount of the fees requested.

Mother then filed a motion seeking sanctions against coordinator pursuant to C.R.C.P. 11 and § 13–17–102(4), C.R.S.2001, arguing that there was no legal basis upon which coordinator could collect fees from father's payment for support arrearages. The court also denied mother's request for sanctions without making specific findings or conclusions, and this appeal followed.

## I.

Mother first contends that the trial court erred in failing to conduct a hearing on coordinator's fee request. We disagree.

Section 14–10–128.5 authorizes the court to appoint an arbitrator to resolve disputes between the parties regarding their minor or dependent children. Although the statute permits the court to order the nonprevailing party to pay the arbitrator's fees when a party applies to have the award amended or reviewed de novo pursuant to the Uniform Arbitration Act, § 13–22–201, et seq., C.R.S. 2001, an arbitrator's fees are not otherwise addressed. The Uniform Arbitration Act states only that an arbitrator's expenses and fees incurred in the conduct of the arbitration shall be paid as provided in the award. *See* § 13–22–212, C.R.S.2001.

Section 14–10–116(3), C.R.S.2001, which concerns the appointment of a guardian ad litem or special advocate, requires the court to enter an order for costs, fees, and disbursements in favor of the child's appointed representative and against any or all of the parties, but it is also silent regarding whether a court must conduct a hearing to determine the reasonableness, necessity, and allocation of a guardian's fee when one has been requested.

Mother relies upon *In re Marriage of Aldrich,* 945 P.2d 1370 (Colo.1997). *Aldrich* held that, when a party requests a hearing regarding the award of attorney fees and costs under either § 13–17–102, C.R.S.2001, authorizing fees for the pursuit of a claim or defense that lacks substantial justification, or § 14–10–119, C.R.S.2001, permitting the award of attorney fees and costs in a dissolution of marriage action, then the trial court must conduct an evidentiary hearing. Mother further notes that a hearing must be conducted, when requested, to determine the reasonableness of expert witness fees. *See Trinity Universal Ins. Co. v. Streza,* 8 P.3d 613 (Colo.App.2000).

Coordinator asserts that, although she is an attorney, she nevertheless was not acting in that capacity when she rendered services during this proceeding, and therefore *Aldrich* and related cases are inapposite. Coordinator further asserts that there is no hearing requirement under § 14–10–128.5 or the Uniform Arbitration Act, and therefore C.R.C.P. 121 § 1–15(4), which allows the trial court discretion to grant a hearing upon a motion, should govern here. We agree with coordinator.

Section 14–10–128.5 does not require that the arbitrator be an attorney. Thus there is no basis to equate the arbitrator's fees to attorney fees. *Aldrich* and the related cases mandate a hearing upon request when an award of attorney fees is sought. In contrast, here, coordinator was not seeking attorney fees.

█ Further, coordinator's hourly rate and the scope of her services were established in the order of appointment. While we agree that the necessity or reasonableness of the particular services rendered remained subject to dispute and are not verifiable by reference to any statute or other fixed standard, *see Dunlap v. Long,* 902 P.2d 446 (Colo.App.1995), we nevertheless see no compelling reason to mandate a hearing when, as here, the parties' arguments concerning necessity and reasonableness are fully set forth in the request for approval and the response. The parties' due process rights to litigate the scope of the services and the amounts requested are well protected by written motion practice. Requiring a hearing in these circumstances would obviously entail additional expense, would encourage already litigious parties to litigate the fees of a neutral third party whose focus should be on the best interests of the children, and could lead to the withdrawal of the arbitrator from the case.

█ Therefore, we hold that it is within the sound discretion of the trial court to determine whether to grant an evidentiary hearing on a parenting coordinator's request for fees. *See* C.R.C.P. 121 § 1–15; *Ryals v. St. Mary Corwin Regional Med. Ctr.,* 987 P.2d 865 (Colo.App.1999), *rev'd on other grounds,* 10 P.3d 654 (Colo.2000). Hence, the order approving coordinator's fee request here without a hearing was not erroneous.

## II.

Mother next contends that the trial court erred in denying her motion for sanctions pursuant to § 13–17–102 against coordinator for the attempt to obtain payment from the support arrearages. We conclude that a remand is required.

A claim or defense is frivolous within the meaning of § 13–17–102 if the proponent can present no rational argument based on the evidence or law in support of that claim or defense. *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984); *M Life Ins. Co. v. Sapers & Wallack Ins. Agency, Inc.,* 962 P.2d 335 (Colo.App.1998).

The determination whether attorney fees should be awarded under § 13–17–102 is within the discretion of the trial court and will not be disturbed on review if the evidence supports it. *Lyons v. Teamsters Local Union No. 961,* 903 P.2d 1214 (Colo.App. 1995).

Attachment, garnishment, or levy against child support is prohibited. *See* § 13–54–102.5, C.R.S.2001; *Hall v. Hall–Stradley,* 776 P.2d 1166 (Colo.App.1989)(right to support belongs to the child; allowing levy for parent's debt contravenes public policy). An attorney's charging lien pursuant to § 12–5–119, C.R.S.2001, against such funds is likewise prohibited as being contrary to public policy. *See In re Marriage of Etcheverry,* 921 P.2d 82 (Colo.App.1996).

Here, coordinator requested deposit of child support funds to the court registry and payment of her fees therefrom. While she did not employ writs of attachment or execution because she did not yet have a judgment when she filed her request, in our view coordinator's attempt was functionally equivalent to that conduct prohibited by § 13–54–102.5—extracting payment for a parent's debt from a child support payment. Furthermore, coordinator was appointed to protect the best interests of the children. For these reasons, we conclude that the trial court erred, as a matter of law, in determining that such request was neither frivolous nor groundless. *Cf. Eurpac Serv., Inc. v. Republic Acceptance Corp.,* 37 P.3d 447 (Colo.App.2000)(reversing trial court's determination that a claim was frivolous).

Coordinator nevertheless asserts that at most her request caused a five-day delay in mother's receipt of the funds and that mother incurred no harm. Harm to the responding party is not a statutory requirement for an award of fees under § 13–17–102. Moreover, at the minimum, mother was forced to incur attorney fees and costs to litigate the request.

Coordinator also argues that she did not know whether the entire payment constituted child support. Because this argument presents an issue of fact that we cannot determine on appeal, and because the trial court made no specific findings in denying mother's request, we conclude that a remand on this issue is required.

We reject coordinator's argument that she was not acting as an attorney or as a party and, therefore, was not subject to § 13–17–102. We agree that she was not acting as an attorney or party in providing services. Nevertheless, when she affirmatively sought relief from the court to collect her fees and filed a motion therefor individually, she became the equivalent of a party and thus subjected herself to those provisions.

## III.

We reject mother's request for fees on appeal under C.A.R. 38(d). However, because we have concluded that a remand is required, we direct the trial court to award attorney fees to mother incurred in litigating the attorney fee issue itself, including those fees incurred on appeal and upon remand, if it determines that mother is entitled to an award of attorney fees under § 13-17-102. See *Mau v. E.P.H. Corporation,* 638 P.2d 777 (Colo. 1981); *Little v. Fellman,* 837 P.2d 197 (Colo. App. 1991); *Zarlengo v. Farrer,* 683 P.2d 1208 (Colo. App. 1984).

That part of the order awarding fees to coordinator without a hearing is affirmed. That part of the order denying sanctions against coordinator is reversed, and the case

is remanded for further proceedings consistent with the views expressed in this opinion.

Judge DAVIDSON and Judge NIETO concur.