**In re the Marriage of Christine KNISKERN, n/k/a Christine Dewitt, Appellant,**

v.

**Duane KNISKERN, Appellee.**

No. 02CA2374.

Colorado Court of Appeals, Div. I.

Oct. 23, 2003.

Drew Johnroe, P.C., Drew Johnroe, Steamboat Springs, Colorado, for Appellant.

Oliphant, Hammond, Atwell & Combs, LLC, Christopher D. Atwell, Janne G. Siegel, Steamboat Springs, Colorado, for Appellee.

Opinion by Judge NEY.

In this post-dissolution proceeding, Christine Kniskern, now known as Christine Dewitt (mother), appeals the trial court order that the parties' two children are to reside primarily with Duane Kniskern (father). We affirm.

The 2001 permanent orders incorporated a separation agreement. The parenting plan in the separation agreement provided for joint decision-making responsibility and the adoption of the evaluator's recommendations concerning parenting time, and the plan specified that this provision was in the children's best interests.

The evaluator concluded that because of the "severe parental alienation" that had occurred in the past, alienation was a primary factor to consider in determining parenting time. She recommended that the children reside with mother in Colorado, provided that, inter alia, "mother *cease alienating the children* from their father and from his significant other." The evaluator recommended that if mother continued the alienation, the children were to reside with father in New York. The evaluator noted that a parenting coordinator should be appointed to make recommendations as to mother's compliance with this condition.

Upon father's motion, a parenting coordinator was appointed in 2002 "with all the powers and responsibilities of an arbitrator pursuant to ... [§ ] 14–10–128.5 [C.R.S. 2002,] and with the specific duties contemplated by [the evaluator's recommendation]." The parenting coordinator, to determine whether mother had met the alienation condition, proceeded to interview the parties and their significant others, the children, and the therapists for mother and the children.

Based on his observations and responses from the participants, the parenting coordinator determined that "it is clear that [mother] has not complied with the [evaluator's] recommendation to cease alienating the children from their father." Therefore, the parenting coordinator recommended that the children reside with father. Relying on this report, father filed a motion requesting that the court change the children's residence.

The trial court found that mother continued to engage in parental alienation. Accordingly, the court determined that pursuant to the parties' court-approved agreement, the children were to reside with father in New York.

I.

Based on the premise that father was attempting to modify parenting time and residential placement of the children, mother contends that the trial court erred in failing to apply the best interests and endangerment standard in determining father's motion. We perceive no error.

We agree with mother's general proposition that determinations of parental responsibilities are based upon the best interests of the child. *In re Marriage of Martin,* 42 P.3d 75 (Colo.App.2002). Mother is also correct that the best interests or endangerment standard applies to various modifications of parental responsibilities. *In re Marriage of Stewart,* 43 P.3d 740 (Colo.App.2002)(endangerment standard applies to modifications affecting both parenting time and the party with whom the child resides a majority of the time, and to modifications of custody or decision-making responsibilities; best interests standard applies to modification of parenting time, including geographic relocations of the parent).

However, father did not request a modification of parental responsibilities. The separation agreement already addressed the consequences of mother's continued alienation of the children from father. Thus, father's motion was in the nature of enforcement, rather than modification. *See In re Marriage of Sinkovich,* 830 P.2d 1101 (Colo.App.1992)(enforcement of dissolution decree is separate and distinct from a modification of decree); *In re Marriage of Meisner,* 807 P.2d 1205 (Colo.App.1990)(enforcement of provision in separation agreement incorporated into decree does not constitute retroactive modification of decree).

The trial court recognized this distinction. Noting that the scope of the hearing was limited to the "factual decision about whether there has been compliance" with the evaluator's alienation condition, the court found that this case did not involve a request for modification or change of parenting time. Instead, the court treated the proceeding as one for the enforcement of a court-approved separation agreement providing for the automatic change in residence in the event of mother's alienation.

■ Given that there was no modification, the court correctly ruled that the endangerment or removal standard was inapplicable. And, as the court noted, the parenting plan in the decree had already been reviewed under the best interests standard. Indeed, the parties explicitly stated in the separation agreement that the evaluator's recommendation for conditional residential placement with mother was in the children's best interests.

Furthermore, because there was no modification, we reject mother's related contention that the trial court erroneously failed to require father to file an affidavit in support of the motion. *See In re D.R.V-A.,* 976 P.2d 881 (Colo.App.1999)(under § 14–10–132, C.R.S.2002, party seeking modification of parenting time must file affidavit setting forth factual basis for same).

II.

Next, mother contends that because the parenting coordinator was appointed to act as an arbitrator, the trial court erred in failing to grant her a trial de novo pursuant to arbitration procedures. We disagree.

■ Section 14–10–128.5 authorizes the court to appoint an arbitrator to resolve disputes between the parties regarding their minor or dependent children. *In re Marriage of Eggert,* 53 P.3d 794 (Colo.App.2002). When arbitration occurs under this statute, the trial court retains jurisdiction to decide all issues relating to the children de novo upon the request of either party. *In re Marriage of Popack,* 998 P.2d 464 (Colo.App. 2000).

■ Here, however, even though the order of appointment clothed the parenting coordinator with arbitration power, the court found no arbitration occurred. Thus, because there was no arbitration award issued pursuant to § 14–10–128.5, mother was not entitled to a trial de novo under this statute. And, contrary to mother's argument, the parenting coordinator's failure to arbitrate did not constitute an impermissible exercise of authority that exceeded the scope of his appointment. Instead, he merely completed his task of making a recommendation without exercising all the powers afforded him.

Nor are we convinced that mother was denied due process because she had inadequate time to prepare for the hearing. Few areas of the law require more expeditious resolution than those involving the residential custody of a minor child, and therefore

shortened timeframes for the resolution of such post-decree matters are allowed. *In re Marriage of Woolley*, 25 P.3d 1284 (Colo. App.2001). And because mother was in fact afforded a hearing, her reliance on *In re D.R.V–A., supra*, is misplaced.

## III.

Mother also contends that the permanent orders conditioning parenting time and removal on the recommendation of a third party is unconscionable because such matters cannot be delegated. We need not address this contention.

Mother did not appeal the permanent orders, and therefore that judgment is now final. *See Rodriguez v. Schutt*, 914 P.2d 921 (Colo.1996)(C.A.R. 4 requires that a party seeking appellate review of a final judgment file a notice of appeal with the appellate court within forty-five days of the entry of judgment). Accordingly, mother may not, at this juncture, complain of the procedure she agreed to, and which the court approved, in 2001. *See People v. Ovalle*, 51 P.3d 1073 (Colo.App.2002)(once time for appeal has expired, order becomes final).

## IV.

Mother also contends that the court's interpretation of the permanent orders, as authorizing an automatic change in residence in the event of noncompliance, is unconscionable and unsupported by credible evidence. She argues that the information the parenting coordinator received about her alienation was obtained under the guise of his status as a therapist and arbitrator, even though he was, in effect, acting as a custody evaluator without mother's knowledge. Furthermore, mother asserts that the parenting coordinator misrepresented the remarks made by her and the children's therapists. Thus, she asserts that the trial court erred in denying her motion in limine to exclude the report and testimony of the parenting coordinator. We disagree.

The issue of the exclusion of evidence is within the sound discretion of the trial court. *People v. Rodriguez*, 914 P.2d 230

(Colo.1996); *Loza v. State Farm Mut. Auto. Ins. Co.*, 970 P.2d 478 (Colo.App.1997).

The record contains conflicting evidence regarding the actions and report of the parenting coordinator. While mother asserts that his report and testimony should be excluded because she did not understand the function of the parenting coordinator in this case, the trial court was not persuaded and found her testimony incredible. Furthermore, the testimony of the two therapists partially supports the parenting coordinator's interpretation of their stance, which was that although mother had made progress, she continued to alienate the children from father.

On this record, we find no factual basis for the exclusion of the evidence. As the case unfolded, it became clear that mother was simply attempting to exclude relevant evidence that conflicted with her evidence. The determination of the admissibility of that conflicting evidence was for the trial court. *See In re Marriage of Garst*, 955 P.2d 1056 (Colo.App.1998)(determination of the credibility of witnesses and the weight, probative force, and sufficiency of the evidence, and the inferences and conclusions to be drawn therefrom, are matters within the sole discretion of the trial court; where evidence supports the trial court's determination, court's resolution of conflicts is binding).

The order is affirmed.

Judge DAILEY and Judge LOEB concur.