In re the MARRIAGE OF Julie Deanna SCHMITT, n/k/a Julie Deanna Jones, Appellee,

and

James Donald Schmitt, Appellant.

No. 02CA1250.

Colorado Court of Appeals, Div. II.

Feb. 26, 2004.

Brega & Winters, P.C., Robert R. Dormer, Denver, Colorado, for Appellee.

Seawell, Gilbertson, Buckmelter, & Kang, LLC., Burke S. Gilbertson, Denver, Colorado, for Appellant.

Opinion by Judge ROTHENBERG.

In this post-dissolution proceeding concerning an arbitration award granting child support to Julie Deanna Schmitt, n/k/a Julie Deanna Jones (mother), James Donald Schmitt (father) appeals the district court's order denying his motion for de novo review of the award. The sole issue in this appeal is whether father's motion for de novo review, filed pursuant to § 14–10–128.5, C.R.S.2003, was untimely because it was not filed within thirty days of the date the arbitration award was confirmed. Because we agree with the district court that the motion was untimely, we affirm.

## I.

In July 2000, the court approved the parties' stipulation that childcare expenses for the parties' two children would be included in the child support calculation through June 2001 while mother attended school. As of June 2001, child support was to be calculated using mother's actual income. If she were unemployed at that time, $3750 per month in income was to be imputed.

Father filed a motion to modify child support, and the parties voluntarily submitted the motion to binding arbitration pursuant to § 14–10–128.5. The arbitrator calculated child support and resolved childcare costs and mother's income, among other things. The arbitrator's award was confirmed by the district court on January 15, 2002.

Forty-three days later, father moved the district court for a de novo review of the arbitration award. The court denied the motion, concluding it was untimely filed, and father then filed this appeal.

## II.

Father contends the trial court erred in concluding his request for de novo review was untimely filed because it was filed more than thirty days after the arbitrator's award was confirmed. He maintains that § 14–10–128 does not contemplate a time limit for filing a motion for such review of an arbitrator's award. We disagree.

When construing the meaning of a statute, reviewing courts first should consider the statutory language and give the words their plain and ordinary meaning. The court should not read a statute to create an exception that the plain language does not suggest, warrant, or mandate. Section 2–4–101, C.R.S.2003; *Town of Telluride v. Lot Thirty–Four Venture, L.L.C.*, 3 P.3d 30 (Colo. 2000); *Colo. Common Cause v. Coffman*, 85 P.3d 551, 2003 WL 1562241 (Colo.App. No. 01CA1709, Mar. 27, 2003).

If the meaning of a statute is unambiguous, courts need not resort to interpretive rules of statutory construction such as the legislative intent or the external circumstances at the time the statute was enacted. *Town of Telluride v. Lot Thirty–Four Venture, L.L.C., supra; Colo. Common Cause v. Coffman, supra.*

Our primary goal is to effectuate the intent of the General Assembly. We consider statutes as a whole and attempt to give consistent, harmonious, and sensible effect to all their parts. *Colo. Common Cause v. Coffman, supra.*

Section 14–10–128.5, C.R.S.2003, states:

(1) With the consent of all parties, the court may appoint an arbitrator to resolve disputes between the parties concerning the parties' minor or dependent children, including but not limited to parenting time, nonrecurring adjustments to child support, and disputed parental decisions.... The arbitrator's award shall be

effective immediately upon entry and shall continue in effect until vacated by the arbitrator pursuant to section 13–22–214, C.R.S., modified or corrected by the arbitrator pursuant to section 13–22–215, C.R.S., or modified by the court pursuant to a de novo review under subsection (2) of this section.

(2) *Any party may apply to have the arbitrator's award vacated, modified, or corrected pursuant to the "Uniform Arbitration Act of 1975", part 2 of article 22 of title 13, C.R.S. [UAA], or may move the court to modify the arbitrator's award pursuant to a de novo review of such award.* In circumstances in which a party moves for a de novo review by the court, the court shall order the nonprevailing party to pay the fees and costs of the prevailing party and the fees of the arbitrator incurred in responding to the application or motion unless the court finds that it would be manifestly unjust.

(Emphasis added.) *See In re Marriage of Eggert,* 53 P.3d 794 (Colo.App.2002); *Kniskern v. Kniskern,* 80 P.3d 939 (Colo.App.2003)(trial court retains jurisdiction to decide all arbitration issues de novo upon request of either party).

Section 14–10–128.5(2) thus creates two separate ways for a court to review an arbitration award. The first adopts the UAA's procedure to vacate, modify, or correct an arbitration award. The statute specifies no time limit in which to request this review, but under the UAA, an application to vacate, modify, or correct an arbitrator's award is subject to a thirty-day time limit. Sections 13–22–214(2), 13–22–215(1), C.R.S.2003.

Because the UAA imposes a thirty-day time limit on such applications, we conclude this time limit also applies to such applications under § 14–10–128.5(2). We view this conclusion as consistent with the plain language of the provision. *See In re Marriage of Eggert, supra* (looking to UAA in construing fee provision in § 14–10–128.5(2)); *In re Marriage of Popack,* 998 P.2d 464 (Colo.App.2000)(construing § 14–10–128.5 in pari materia with the UAA).

The second way for a court to review an arbitration award is by the filing of a motion for de novo review, as occurred in this case. Absent a clear intent by the legislature to create a different time limit for the court to review an arbitrator's award under § 14–10–128.5(2), we conclude the same thirty-day time limit should apply. Our conclusion that de novo review must be sought within thirty days gives harmonious and sensible effect to all parts of § 14–10–128.5.

We reject the interpretation father urges—that he may request de novo review under § 14–10–128.5 at any time—because under his interpretation a child support order entered by an arbitrator would never be final. This would be contrary to public policy and it is highly unlikely such a result was intended by the legislature. *See In re Marriage of Wolford,* 789 P.2d 459 (Colo.App. 1989)(strong public policy exists to assure the finality of judgments and is especially important in family law matters).

In *Perdew v. City & County of Denver,* 163 Colo. 511, 514, 432 P.2d 239, 241 (Colo.1967), the supreme court, interpreting a different statute, imposed a "reasonable time element" where the statute contained none, and then concluded forty days was "a reasonable time within which an appellant shall docket his case and pay the docket fee in the appellate court." Even under that rationale, however, father's motion for de novo review would still be untimely filed.

In summary, we conclude that because father's motion for de novo review of the arbitration award was not filed within thirty days of the confirmation of the award, it was untimely filed and the trial court did not err in dismissing it.

Order affirmed.

Judge MARQUEZ and Judge GRAHAM concur.